(June 8, 1972)

■ BLACK CLAWSON COMPANY, Respondent, v. HEEDE INTERNATIONAL, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on October 28, 1971, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the corporate appellant's motion to vacate the attachment is granted. In this action to recover the sum of $178,703.17 allegedly due by reason of the corporate

defendant's breach of its written contract with plaintiff, an order of attachment was issued predicated upon the fact that said defendant is a foreign corporation. Thereafter the corporate defendant, which is qualified to do business in this State, appeared and submitted itself to in personam jurisdiction. Of the aggregate damages claimed, $22,000 thereof (representing the balance due plaintiff in satisfaction of the $125,000 contract price) has now been paid; and the remaining $156,703.17 asserted to be due is contested. The attachment is no longer required for jurisdictional purposes. Nor, on the record before us, is it necessary for the security of the plaintiff. The corporate defendant maintains offices in six American cities (including New York) and in seven foreign countries; has assets worth more than $7,000,000, exclusive of its foreign holdings; and holds all of the issued and outstanding stock of a New York subsidiary which owns property, consisting primarily of construction machinery and realty, exceeding $300,000 in value. Accordingly, appellant has sustained its burden of showing that the attachment is unnecessary. (Cf. *Hydromar Corp. of Delaware* v. *Construction Aggregates Corp.*, 32 A D 2d 749.) Concur — McGivern, J. P., Kupferman, Murphy, McNally and Tilzer, JJ.